|  | |
|---|---|
| Judge: | Barreca |
| Chapter 13: | via ZoomGov |
| Hearing Date: | 02/28/2024 |
| Hearing Time: | 9:00 a.m. |

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WASHINGTON

In re:

Steve Cole,

Debtor(s).

Case 23-12128-MLB

**OBJECTION TO PLAN CONFIRMATION**

COMES NOW Scatchet Head Community Club ("Creditor") which objects to confirmation of the proposed plan filed January 24, 2024 under Docket #37 ("Plan").

Creditor concurs with the Trustee's recently filed objection to confirmation under Docket #43, and further notes that Debtor has provided no information to support the necessary finding under 11 U.S.C. § 1325(a)(6) that he will be able to make all payments under the proposed plan. Speculative income proposed by a debtor who has been out of work for years is not a basis to support such a conclusion. *See In re Frysinger*, No. 22-31202-thp13, 2023 Bankr. LEXIS 490, at *15 (Bankr. D. Or. Feb. 24, 2023) (refusing to consider for purposes of 1325(a)(6) and as evidence of good faith speculative work from contract labor that the debtor began only in response to and after the filing of his bankruptcy).

Creditor further reasserts its position that the plan and bankruptcy are filed in bad faith and confirming the proposed plan would run contrary to 11 U.S.C. §§ 1325(a)(3)&(7). Debtor's Declaration of Good Faith Filing (Docket #41) admits that this bankruptcy was filed based on a usury defense that Defendant, through his counsel, knew

Objection to Confirmation
Page 1 of 3

Sound Legal Partners, PLLC
7127 196th Street SW, Suite 202
Lynnwood, WA 98036
(206) 823-1040

Case 23-12128-MLB    Doc 47    Filed 02/14/24    Ent. 02/14/24 11:47:51    Pg. 1 of 3

or should have known was frivolous. No law or case law has been cited at any point to support Debtor's treatment of Creditor's claim in his schedules and original plans. It was only after "creditor's claim was filed and reviewed by my attorney he advised me that an objection would be futile" and that Debtor needed to acknowledge Creditor's full claim amount. The legal bases, accounting, and case law all applicable to this matter had been disclosed or otherwise available to Debtor as set forth in the prior declarations filed to support Creditor's claim objection and motion to dismiss.

Since 11 U.S.C. § 1325(a)(7) was enacted as part of BAPCPA in 2005, a debtor cannot fix a case filed in bad faith with post-petition behavior to confirm a plan. *See Hamilton v. Lanning*, 560 U.S. 505, 522 (2010) (noting how the decision of when to file a bankruptcy can preclude a debtor from being able to ever confirm a plan in light of 11 U.S.C. § 1325(a)(7)); *see also In re Jongsma*, 402 B.R. 858, 871 (Bankr. N.D. Ind. 2009). Hence, Debtor cannot fix this case filed in bad faith by amending his Scheduled I & J or deciding post-petition to take Creditor's full claim amount seriously when he had all the facts and law available to him pre-petition to know the usury claim was frivolous and well-settled in Washington. Debtor's statement that his decision to file was based on a frivolous understanding of the law to pay only a fraction of Creditor's secured interest is an admission that the case was not filed in good faith. No plan can be confirmed in this case in light of 1325(a)(7).

Closely related to good faith requirements are CR 11 sanctions for frivolous filings. *See Vizconde v. Burchard (In re Vizconde)*, 715 F. App'x 630 (9th Cir. 2017) (affirming sanctions orders where bankruptcy court found that emergency chapter 13 bankruptcy petitions were filed solely for the purpose of delay). While Creditor has yet to file or serve

Objection to Confirmation
Page 2 of 3

Sound Legal Partners, PLLC
7127 196th Street SW, Suite 202
Lynnwood, WA 98036
(206) 823-1040

Case 23-12128-MLB    Doc 47    Filed 02/14/24    Ent. 02/14/24 11:47:51    Pg. 2 of 3

a motion for sanctions, the standards are satisfied here. The Ninth Circuit uses the "word 'frivolous' 'to denote a filing that is both baseless and made without a reasonable and competent inquiry.' *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (citation omitted); *see also United States v. Stringfellow*, 911 F.2d 225 (9th Cir. 1990). Debtor had all relevant facts available to him to assess the viability of his usury theory – the basis for this bankruptcy – via Creditor's state court summary judgment pleadings, communication between counsel, and subsequent pleadings filed in this bankruptcy. For example, Debtor asserts in his good faith declaration that his "thought was that when creditor filed its claim, the claim could be reviewed and a determination" could be made from there. Yet, Creditor's claim was nearly identical to the detailed accounting it had set forth in its state court summary judgment pleadings.

Combined with Debtor himself now admitting his usury claim was "futile" along with his decision to only now seek a new source of income sufficient to pay Creditor's full claim, it is obvious that the petition was filed in bad faith notwithstanding subsequent efforts to salvage it. Creditor requests that the Court deny confirmation and dismiss this case.

DATED: February 14, 2024.

                                Sound Legal Partners, PLLC

                By:   */s/ Stephen M. Smith*
                      Stephen M. Smith, WSBA #42021
                      Of Attorneys for Scatchet Head Community Club

Objection to Confirmation
Page 3 of 3

Sound Legal Partners, PLLC
7127 196th Street SW, Suite 202
Lynnwood, WA 98036
(206) 823-1040

Case 23-12128-MLB    Doc 47    Filed 02/14/24    Ent. 02/14/24 11:47:51    Pg. 3 of 3